**UNITED STATES of America,**
**Appellee,**

v.

**Edward M. JOSEPH, Appellant.**

**No. 27076.**

United States Court of Appeals,
Fifth Circuit.

June 29, 1970.

Rehearing Denied and Rehearing En
Banc Denied Aug. 17, 1970.

Richard A. Buckley, New Orleans, La., for appellant.

Gerald J. Gallinghouse, U. S. Atty., Richard M. Olsen, Asst. U. S. Atty., New Orleans, La., for appellee.

Before JONES, WISDOM, and COLEMAN, Circuit Judges.

PER CURIAM:

A jury convicted this appellant, Edward M. Joseph, of knowingly obstructing the mails, 18 U.S.C.A. § 1702.[1] Sentence was suspended, with two years probation. We affirm.

Joseph, a narcotics victim, was a janitor at an apartment house in New Orleans. A social security check addressed to a former resident who had left a forwarding address never reached the addressee. The proof for the prosecution, accepted by the jury as evidenced by its verdict, was to the effect that during his janitorial duties Joseph came into dominion on the check and diverted it to others.

The history of the case reflects the Job-like patience and meticulous care of

---

1. § 1702. Obstruction of Correspondence

Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined not more than $2,000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 778.

the trial court for the total preservation of justice in appellant's behalf. That history may be summarized as follows:

January 30, 1967. Complaint filed. Defendant released on his own recognizance.

March 29, 1967. Counsel appointed.

April 10, 1967. Defendant waived indictment and entered a plea of not guilty.

October 25, 1967. Plea of not guilty withdrawn and plea of guilty entered. Defendant requests treatment for narcotics addiction.

January 3, 1968. Plea of guilty withdrawn.

February 9, 1968. Original counsel withdraws and other counsel appointed.

March 5, 1968. Counsel again permitted to withdraw and other counsel appointed.

May 6, 1968. Defendant files motion to recuse the trial judge, which was denied on July 1, 1968.

July 1, 1968. Case tried to a jury, verdict of guilty.

July 8, 1968. Motion filed for judgment of acquittal notwithstanding the verdict and, in the alternative, for a new trial.

August 16, 1968. Motions withdrawn. Joseph is sentenced to thirty days observation and study under the provisions of Title II of the Narcotic Addict Rehabilitation Act of 1966.

October 9, 1968. Joseph is committed to the custody of the Surgeon General.

October 16, 1968 (one week subsequent to commitment) sentence set aside, imposition of sentence suspended, and placed on five years probation, with the condition that Joseph voluntarily petition for treatment under the Rehabilitation Act.

October 24, 1968. Joseph's new motions denied.

October 24, 1968. Sentence reduced to probation for forty-two months.

January 30, 1969. Case appealed to the Fifth Circuit.

April 1, 1969. The Fifth Circuit grants Government motion for remand to the trial court for an *in camera* inspection of certain documents alleged to have been Jencks Act material. The trial judge, on remand, holds that the statements at issue in no way bore upon the crime for which the defendant was charged, etc.

May 27, 1969. Motion for new trial granted.

October 10, 1969. Order granting new trial set aside.

November 5, 1969. Joseph again sentenced, but sentence suspended, two years probation.

Thus it is that three and a half years after the complaint was filed the case finally reaches appellate decision.

Diligent and aggressive counsel for appellant raises many issues. It is contended that Joseph should have had a directed verdict of acquittal, that his Jencks Acts rights were infringed, that exculpatory evidence was suppressed, and that there were reversibly erroneous instructions to the jury, some plainly erroneous and others objected to at the time.

The attacks are not frivolous. Yet, they clearly lack that merit sufficient to justify reversal. As we have so often pointed out in other appeals, the issues now raised are on highly familiar ground. We find that detailed discussion and voluminous repetition of prior precedents are not justified.

The judgment of conviction is

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(August 17, 1970)

Before JONES, WISDOM and COLEMAN, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the

Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.